# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re: AffinityLifestyles.com, Inc., | Case No. 2:23-cv-02068-CDS |
| Debtor | Bankruptcy Case No.: 21-14099-nmc<br>Adv. Proc. No. 23-01144-nmc |
| AffinityLifestyles.com & Milwaukee Instruments, Inc., | **Order Dismissing and Closing Case** |
| Appellants | |
| v. | |
| Orien Gallagher, et al., | |
| Appellees | |

Appellant Milwaukee Instruments, Inc. ("Milwaukee") filed a notice of appeal from Bankruptcy Court on December 14, 2023. ECF No. 1. Milwaukee then moved to determine appellate jurisdiction and continue or extend appeal deadlines. ECF No. 3. On February 6, 2024, I denied the motion finding that it failed to set forth a basis for relief. Order, ECF No. 8. My order further noted that I was unable to determine the appropriateness of either its exercise of jurisdiction over this matter or a continuance or extension of the appeal deadlines. *Id.* Milwaukee took no further action to perfect its appeal, so on August 27, 2024, I issued an order directing Milwaukee to show cause why its appeal should not be dismissed for lack of prosecution for failure to file the documents required by the Federal Rules of Bankruptcy Procedure. Milwaukee has failed to comply with the court's order and, as a result, its appeal is dismissed with prejudice.

I.  Discussion

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir.

1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Having weighed these factors, the Court finds that on balance, they favor dismissal.

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). And "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642.

In *Greco v. Stubenberg*, the appellant challenged the district court's dismissal of his appeal of a bankruptcy court decision for failure to prosecute due to a "delay in procuring the relevant transcripts [that] was caused in part by [the] appellant's repeated failure to provide the funds necessary to cover the transcription expense." 859 F.2d 1401, 1404 (9th Cir. 1988). The Ninth Circuit affirmed, explaining that "[i]n determining whether to dismiss an appeal on such grounds [such as failure to take requisite steps to prosecute an appeal], a district court must consider (1) alternative measures in lieu of dismissal, and (2) whether the conduct giving rise to the dismissal was caused entirely by the party's attorney." *Id.*

Here, Milwaukee's last filing was a reply regarding its motion to determine appellate jurisdiction. ECF No. 7. The court has not received any filings from Milwaukee since it ruled on that motion on February 6, 2024, over six months ago. *See* ECF No. 8. In an attempt to offer "alternative measures" to dismissal, on August 27, 2024, I sua sponte ordered Milwaukee to show cause by September 11, 2024, why the action should not be dismissed for lack of prosecution. ECF No. 11. It is unclear to me whether the fault in the failure to prosecute this case is the result of Milwaukee or its attorneys. However, after the September 11 deadline passed, I

allowed an additional two weeks during which Milwaukee could have, but failed to, respond to the show-cause order. To date, no response, or any other motion or request for relief, has been filed. As a result, I find that Milwaukee has been given ample opportunity to prosecute its case and has failed to do so. This action is therefore dismissed for want of prosecution.

The Clerk of Court is kindly instructed to close this case.

Dated: September 26, 2024

_____
Cristina D. Silva
United States District Judge

3